IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>G&C CONSTRUCTION, LLC | § § § § | **PLAINTIFF** |
| v. | § § | Civil Action No. 1:08cv1437-LG-RHW |
| TRAVELERS CASUALTY AND<br>SURETY COMPANY OF<br>AMERICA and ALL STAR<br>ELECTRIC, INC. | § § § § § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING
G&C CONSTRUCTION'S MOTION FOR SUMMARY
<u>JUDGMENT AND TO ENFORCE ARBITRATION AWARD</u>**

**BEFORE THE COURT** is the Motion for Summary Judgment and to Enforce Arbitration Award [25] filed by the United States of America, for the use and benefit of G&C Construction, LLC (G&C). The defendants, Travelers Casualty and Surety Company of America and All Star Electric, Inc., have filed a response in opposition to the Motion, and G&C has filed a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the arbitration award should be confirmed and, thus, G&C is entitled to judgment as a matter of law.

FACTS

On November 26, 2008, G&C filed this lawsuit against Travelers, seeking payment pursuant to the Miller Act for work that it performed on the Exchange Mall and Commissary at Keesler Air Force Base in Mississippi. The prime contractor on the project was Caddell Construction Company, Inc., and it subcontracted with All Star to perform the electrical work on the project. All Star entered a sub-subcontract with

G&C.  Travelers provided the payment bond to All Star.  This lawsuit centers around extra work that G&C claimed it was required to do on the project due to site conditions and constructive changes.

Travelers and G&C filed a Joint Motion to Stay Proceedings Pending Arbitration, which was granted on February 5, 2009.  On April 14, 2010, G&C, Travelers, and All Star entered into an agreement to submit "all claims and issues in dispute among the parties" to final and binding arbitration before arbitrator Samuel C. Kelly.  (Ex. B to Pl.'s Mot.)  The arbitration was held on April 13 through 14, 2010.  The arbitrator awarded $185,107.40 to G&C on May18, 2010.  (Ex. C to Pl.'s Mot.)

On June 17, 2010, G&C filed a Motion to Lift the Stay, Add All Star as an Indispensable Party, and Enter Judgment against All Star and Travelers based on the arbitration award.  No response was filed to the Motion.  On July 14, 2010, the Court entered an Order [13] granting the Motion to Lift the Stay and to Add All Star as an Indispensable Party, but denied the Motion to the extent that it sought a judgment based on the arbitration award, due to the fact that All Star had not been previously named as a party or served with process in this lawsuit.  The Court required G&C to file an Amended Complaint against All Star and Travelers and to serve All Star with process before filing a motion to confirm the arbitration award.  The Amended Complaint was filed on July 27, 2010, and All Star and Travelers filed a joint Answer on August 11, 2010.  In its Answer, All Star and Travelers asserted that the arbitration award should be vacated.

All Star also filed a Third Party Complaint against Caddell. The third party

action against Caddell has been stayed pending arbitration. All Star argues that it should be indemnified by Caddell for any portion of the arbitration award that this Court enforces against All Star.

G&C has filed the present Motion for Summary Judgment and to Enforce Arbitration Award.

## DISCUSSION

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. Fed. R. Civ. P. 56. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

"To assure that arbitration serves as an efficient and cost-effective alternative to litigation, and to hold parties to their agreements to arbitration, the [Federal Arbitration Act] narrowly restricts judicial review of arbitrators' awards." *Positive*

*Software Solutions, Inc. v. New Century Mortg. Corp.*, 476 F.3d 278 (5th Cir. 2007).  A court can vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. §10; *see also Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) (holding that the statutory grounds for vacating an arbitration award are the only grounds upon which an arbitration award can be vacated).  "A reviewing court examining whether arbitrators exceeded their powers must resolve all doubts in favor of arbitration."  *Apache Bohai Corp. LDC v. Tex. China BV*, 480 F.3d 397, 402 (5th Cir. 2007).  An award may not be set aside for a mere mistake of fact or law.  *Apache Bohai Corp.*, 480 F.3d at 401.  The Fifth Circuit has recently noted that, "[i]t has been the rule for some time that courts do not vacate an arbitration award based on the merits of a party's claim."  *Hamel-Schwulst v. Country Place Mortg. Ltd.*, No. 10-60143, 2010 WL 5421299 (5th Cir. Dec. 30, 2010) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29 (1987)).  Notice of a motion to vacate an arbitration award must be served upon the adverse party within three months after the award is filed or delivered.  9 U.S.C. § 12.

      G&C argues that the defendants failed to timely file a motion to vacate the

arbitration award. The defendants counter that their Answer raised all of the grounds on which they rely for vacating the arbitration award. The Answer was filed prior to the expiration of the three-month deadline. Since the Court finds that the defendants have not demonstrated that the Arbitration Award should be vacated, it is not necessary for the Court to address the issue of whether an answer is sufficient to satisfy the limitations period imposed by the FAA.

The defendants first argue that the arbitrator exceeded his authority in awarding damages against Travelers, because G&C failed to prove its case against Travelers and G&C does not have a cause of action against Travelers under the Miller Act. This assertion goes directly to the merits of G&C's claim against Travelers, and this Court does not have the authority to review the merits of G&C's lawsuit. Moreover, to the extent that the defendants argue that the arbitrator exceeded his authority on this basis, the Court notes that Travelers did not file a Motion to Dismiss G&C's claims against it until after the close of the arbitration hearing. Furthermore, the arbitrator noted that Travelers had tendered its defense in the arbitration to All Star and all parties had agreed to participate in the binding arbitration. The arbitrator explained that Travelers had failed to present any defenses that it had at the arbitration hearing. As a result, the Court finds that there is no indication that the arbitrator exceeded his authority on this ground.

The defendants also assert that the arbitrator is guilty of misconduct in refusing to hear evidence from All Star's experts concerning G&C's use of crushed concrete on the project. G&C has presented evidence and an affidavit that show that All Star's

experts were permitted to provide testimony on all grounds except the crushed concrete issue. The arbitrator excluded the opinions concerning the use of crushed concrete, because these opinions were not timely presented to G&C pursuant to the arbitrator's scheduling order; rather the opinions were produced only six days prior to the arbitration hearing. (Ex. 4, 8,11 to Pl.'s Reply). There is no conflicting evidence concerning the timeliness of the concrete opinions. Therefore, the Court finds that the arbitrator did not commit misconduct or exceed his authority by refusing to admit untimely expert opinions.

The defendants' next argument is that the arbitrator exceeded his authority by disregarding the requirements included in the subcontract entered into by G&C and All Star. They rely on notice requirements imposed by the Federal Acquisition Regulations that All Star claimed were incorporated into the contract between Caddell and All Star, which was in turn incorporated into the subcontract between All Star and G&C. However, the arbitrator found that the subcontract between All Star and G&C contained a conflicting clause regarding notice and that the clause in the subcontract between All Star and G&C should control in the event of a conflict. This Court is not permitted to substitute its judgment for that of the arbitrator, particularly since there is some basis in the subcontract to support the arbitrator's position. Therefore, this argument is without merit.

The defendants also argue that the arbitrator incorrectly held that G&C was entitled to recover for extra work that it performed, since G&C did not obtain prior written approval of the extra work. The arbitrator held that All Star was estopped

from relying on the written approval requirement, pursuant to Mississippi law. *See Sentinel Indus. Contracting Corp. v. Kimmins Indus.*, 743 So. 2d 954, 964 (¶26) (Miss. 1999). Once again, there is a basis for the arbitrator's decision in both Mississippi law and the evidence described by the arbitrator. Therefore, the Court finds that there is no indication that the arbitrator exceeded his authority in this regard.

Finally, the defendants claim that G&C failed to comply with the notice requirements imposed by the Miller Act. They do not claim that the arbitrator committed any error in this regard, and this issue is not discussed by the arbitrator in his Award. Furthermore, G&C claims that this issue was never presented to the arbitrator. The Court finds that this issue goes to the merits of G&C's claim. Since the defendants have not asserted that the arbitrator exceeded his authority or was otherwise guilty of misconduct with regard to the notice requirement, the Court finds that this issue is without merit.

As a result, the Court finds that there is no genuine issue of material fact that the Arbitration Award should be enforced. The defendants ask the Court to stay the enforceability of this Memorandum Opinion and Order and the Arbitration Award until All Star's third-party claim against Caddell is resolved. All Star's request is denied. All Star agreed to submit itself to binding arbitration, and it waited almost three months to even attempt to contest that award. Almost one year has passed since the imposition of the Arbitration Award. The Court sees no reason to further delay All Star's payment to G&C. If All Star successfully proves its third-party claim, then it will be entitled to reimbursement from Caddell.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment and to Enforce Arbitration Award [25] filed by the United States of America, for the use and benefit of G&C Construction, LLC (G&C) is **GRANTED**. G&C is entitled to recover $185,107.40 from the defendants at the interest rate of eight percent, as provided in the Arbitration Award entered on May 18, 2010.

**SO ORDERED AND ADJUDGED** this the 12th day of April, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE