IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| for the use and benefit of § | | |
| G&C CONSTRUCTION, LLC § | | PLAINTIFF |
| § | | |
| v. § | Civil Action No. 1:08cv1437-LG-RHW | |
| § | | |
| TRAVELERS CASUALTY AND § | | |
| SURETY COMPANY OF § | | |
| AMERICA and ALL STAR § | | |
| ELECTRIC, INC. § | | DEFENDANTS |

**ORDER GRANTING MOTION FOR ENTRY
OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**

**BEFORE THE COURT** is the Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) [33] that was filed by G&C Construction, LLC. The defendants have not filed a response in opposition to the Motion. Upon reviewing the Motion and the applicable law, the Court finds that the Motion should be granted.

DISCUSSION

On April 12, 2011, this Court entered a Memorandum Opinion and Order [32] granting summary judgment and confirming an arbitration award in favor of G&C Construction. A final judgment was not entered, because a third party claim filed against Caddell Construction Company, Inc., by All Star Electric remains pending. As a result, G&C Construction has filed the present motion requesting that a final judgment be entered pursuant to Rule 54(b).

Rule 54(b) of the Federal Rules of Civil Procedure provides:

When an action presents more than one claim for relief –whether as a claim, counterclaim, crossclaim or third party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to

one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

A district court should only grant a motion for final judgment under Rule 54(b) "when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

All of the issues between G&C, All Star, and Travelers have been fully adjudicated. The third party claim is merely a separate claim for indemnification filed by All Star against another contractor. That third party claim has been submitted to binding arbitration. Almost one year has passed since the imposition of the Arbitration Award against Travelers and All Star, and G&C seeks entry of a final judgment so that it may finally collect that award. The Court sees no just reason for delay, and neither All Star nor Travelers has presented any reason for delay to the Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) [33] that was filed by G&C Construction, LLC, is **GRANTED**. A separate judgment will be entered pursuant to Fed. R. Civ. P. 54(b).

**SO ORDERED AND ADJUDGED** this the 17th day of May, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE